ANDREW L. PACKARD (State Bar No. 168690)
ERIK M. ROPER (State Bar No. 259756)
HALLIE B. ALBERT (State Bar No. 258737)
Law Offices of Andrew L. Packard
100 Petaluma Blvd. N., Suite 301
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (707) 763-9227
E-mail: Andrew@packardlawoffices.com
　　　　Erik@packardlawoffices.com
　　　　Hallie@packardlawoffices.com

ROBERT J. TUERCK (State Bar No. 255741)
Jackson & Tuerck
P.O. Box 148
429 W. Main Street, Suite C
Quincy, California 95971
Tel: (530) 283-0406
E-mail: bob@jacksontuerck.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GUSTAFSON AUTO WRECKING AND TOWING, INC., a California corporation, DALE GUSTAFSON, an individual, and DAN GUSTAFSON, an individual,<br><br>　　　　Defendants. | CASE NO. 2:10-CV-01408-JAM-EFB (TEMP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ALLOW PLAINTIFF TO CONDUCT INSPECTIONS OF LAND AND PROPERTY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34 AND IMPOSING MONETARY SANCTIONS ON DEFENDANTS' COUNSEL, JEFFORY J. SCHARFF** |

**ORDER**

On December 3, 2010, Plaintiff California Sportfishing Protection Alliance ("CSPA" or "Plaintiff") filed its Notice of Motion and Motion to Compel Defendants to Allow Plaintiff to Conduct Inspections of Land and Property Pursuant to Federal Rule of Civil Procedure 34 ("Motion"). On January 19, 2011, at 10:00 a.m. in Courtroom 24, counsel for the parties appeared to argue the Motion before the Court. Erik M. Roper appeared on behalf of Plaintiff.

Jeffory J. Scharff appeared on behalf of Defendants Gustafson Auto Wrecking And Towing, Inc., Dale Gustafson and Dan Gustafson ("Defendants").

Having considered the relevant facts and law, the parties' respective pleadings filed in relation to the Motion, and the parties' arguments relating to Plaintiff's Motion, the Court has determined that good cause exists to compel Defendants to allow Plaintiff to conduct inspections of Defendants' auto wrecking facility located at 19748 Collyer Drive in Redding, California ("Facility").  Defendants have failed to provide the Court any reasonable ground upon which to deny Plaintiff the right to inspect Defendants' Facility in a manner consistent with both of Plaintiff's First and Second Requests For Inspections Of Land And Property Pursuant To Federal Rule Of Civil Procedure ("FRCP") 34 (hereinafter "First Request" and "Second Request," respectively) which were served on Defendants on or about October 26, 2010.

FRCP 34(b)(2)(A) provides, in relevant part: "Time to Respond.  The party to whom the request is directed must respond in writing within 30 days after being served."  The Court notes that Defendants have failed to provide Plaintiff any response to its First Request and Second Request whatsoever.  Many courts have held that a party's failure to serve timely objections results in a waiver of those objections.  See, e.g., *Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 17, 25 (D.D.C. 2009; and, *Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 330 (D. Del. 2007).  Accordingly, Defendants waived their objections to the execution of these inspections given their failure to raise any objections whatsoever.

On December 1, 2010, consistent with its duly noticed Second Request, Plaintiff sent its counsel and storm water consultant to Redding, California to inspect the Facility pursuant to FRCP 34.  However, Defendants improperly denied CSPA's counsel and consultant access to Defendants' Facility and thereby prevented them from inspecting the Facility in a manner consistent with Plaintiff's Second Request.

On at least two occasions in the week and a half prior to December 1, 2010, Plaintiff's counsel made good faith efforts to communicate with Defendants' counsel to ascertain, notwithstanding Defendants' failure to respond to Plaintiff's First and Second Requests, whether

Defendants had any objection to the inspection set to occur on December 1, 2010 and if so, whether they would still allow it to occur. Defendants' counsel failed to provide Plaintiff's counsel any response to these pre-December 1st attempts to meet and confer.

Subsequent to the improperly refused inspection, Plaintiff's counsel attempted in good faith to meet and confer with Defendants' counsel over Plaintiff's intent to file a motion to compel site inspections in a manner consistent with its First and Second Requests. Again, Defendants' counsel failed to respond.

On December 3, 2010, Plaintiff filed this Motion. In a good faith effort to comply with Local Rule 251, on December 15, 2010, Plaintiff's counsel sent Defendants' counsel Plaintiff's first draft of a Joint Statement re Discovery Disagreement ("JSDD"). Defendants' counsel never provided any response to Plaintiff's first draft of the JSDD.

In a further good faith effort to comply with Local Rule 251, on December 23, 2010, Plaintiff's counsel sent Defendants' counsel a letter: (a) noting that Defendants had filed an Opposition brief; (b) advising Defendants' counsel that Local Rule 251 requires Defendants to participate in the drafting of a JSDD; and, (c) again inviting Defendants' counsel to participate in the drafting of the JSDD. Defendants' counsel never responded to this invitation, thus necessitating Plaintiff's filing of a stand-alone affidavit in support of Plaintiff's Motion.

Defendants have failed to respond to Plaintiff's First Request and Second Request and have thereby waived any rights they had to raise objections to the execution of these inspections. Moreover, Defendants' counsel has demonstrated a pattern and practice of willful refusal to provide Plaintiff's counsel responses to their good faith attempts to meet and confer with him on the instant dispute, and many other issues which have previously arisen in this case. Defendants' counsel's willful refusal to extend to Plaintiff's counsel even the bare minimum of professional courtesy required to respond to his phone message of November 22, 2010, or to his letter of November 29, 2010, is the only reason: (1) that Plaintiff's counsel wasted valuable time and resources driving all the way to Redding on December 1st for an inspection Defendants' counsel knew all along that he would not allow to occur; and, (2) that Plaintiff was forced to file the

instant Motion.  The Court finds such discourteous and unprofessional behavior worthy of sanctions.  Moreover, the Court finds further support for the imposition of sanctions due to Defendants' counsel's blatant disregard for, and violation of, Local Rule 251.

Based on Defendants' counsel's willful refusal to communicate with Plaintiff's counsel in regard to all the foregoing, Plaintiff has properly moved for monetary sanctions to be imposed on Defendants' counsel pursuant to F.R.C.P. 37(a)(5) and 37(d)(1)(A)(ii).

Based on the foregoing, the Court finds that good cause exists to impose monetary sanctions on Defendants' counsel sufficient to reimburse Plaintiff for all reasonable attorneys' fees and costs incurred arising from: (1) Plaintiff's counsel's pre-December 1, 2010 efforts to meet and confer regarding the duly noticed inspection scheduled for December 1, 2010; (2) the time and expense involved in having Plaintiff's counsel and consultant drive from their respective places of business (located in Petaluma and Chico, respectively) to Defendants' Facility in Redding, California, and then back to their respective places of business; (3) the time Plaintiff's counsel and consultant spent in Redding related to the duly noticed but improperly refused inspection; (4) all costs of food and lodging incurred by CSPA's counsel and consultant as a result of driving to Redding only to be unexpectedly prevented from conducting the inspection by Defendants and Defendants' counsel upon arriving at the Facility in Redding; (5) all the time spent drafting the Motion and Plaintiff's draft JSDD; (6) the time spent attempting to meet and confer with Defendants' counsel regarding Plaintiff's draft JSDD and the time spent converting it into a stand-alone affidavit of Plaintiff's counsel; (7) Plaintiff's counsel's time spent preparing for, and traveling to and from, the hearing on this Motion; and, (8) Plaintiff's counsel's time spent drafting and filing a declaration of fees and costs and a proposed form of order granting this Motion.  The monetary sanctions ordered imposed on Defendants' counsel, Jeffory J. Scharff, are based on the declaration of fees and costs incurred by Plaintiff filed by Plaintiff's counsel Erik M. Roper and Andrew L. Packard.

Consistent with all of the above, Plaintiff's Motion is GRANTED.

Therefore, IT IS HEREBY ORDERED that:

1. Defendants shall allow Plaintiff to conduct a "dry" inspection of Defendants' Facility consistent with Plaintiff's Second Request as soon as practicable, and in any case, no later than thirty (30) days from the date of service of this Order on Defendants;

2. Defendants shall allow Plaintiff to conduct three "wet" inspections of Defendants' Facility consistent with Plaintiff's First Request, prior to termination of the General Permit's "Wet Season" on May 31, 2011;

3. Defendants' counsel, Jeffory J. Scharff, shall reimburse Plaintiff in the form of a cashier's check in the amount of $13,772.55 to defray Plaintiff's reasonable consultant and attorneys' fees and costs incurred as discussed above. Such payment shall be made to the Law Offices of Andrew L. Packard Attorney-Client Trust Account and remitted within fifteen (15) days from the date of service of this Order on Defendants' counsel.

Dated:   February 1, 2011

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE