IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING PROTECTION
ALLIANCE,

      Plaintiff,                         No. CIV S-10-1408 JAM EFB (TEMP)

  vs.

GUSTAFSON AUTO WRECKING AND
TOWING, INC, et al.,

      Defendants.                  <u>ORDER</u>
_____/

      On March 15, 2011, plaintiff filed an *ex parte* application for order shortening time to have a motion for reconsideration heard by the court on March 23, 2011. Dckt. No. 36. Plaintiff contends a hearing on shortened time is necessary because defense counsel may file Chapter 7 bankruptcy. By the motion to reconsider, plaintiff seeks an amendment of the court's prior order (Dckt. No. 27) which imposed sanctions on defense counsel personally. Plaintiff seeks reconsideraton to amend the order so that the sanctions are imposed on defense counsel's firm.

      Plaintiff's counsel fails to show a satisfactory explanation for the need to shorten time. *See* Local Rule 144(e). The court notes first, that at no time in the briefing or argument on the motion to compel, did plaintiff's counsel contend that sanctions should be imposed on any person other than defense counsel. Moreover, plaintiff's counsel submitted a proposed order

1

imposing sanctions and again, that order imposed sanctions only on defense counsel, and were based on the conduct of defense counsel, and not because of any actions taken by his firm.

In addition, whether the court-ordered sanctions are dischargeable in bankruptcy is a matter for resolution by the bankruptcy court. Regardless of defense counsel's bankruptcy status, there appears to be no impediment to an orderly consideration of whether the sanctions order should be amended to impose the sanctions jointly on defense counsel and his firm.

For the foregoing reasons, the *ex parte* application for order shortening time (Dckt. No. 36) is denied.

DATED: March 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE