MICHAEL E. VINDING (State Bar No. 178359)
Brady & Vinding
400 Capitol Mall, Suite 2640
Sacramento, CA 95814
Tel:  (916) 446-3400
Fax:  (916) 446-7159
mvinding@bradyvinding.com
[Proposed] Counsel for Defendants

ANDREW L. PACKARD (State Bar No. 168690)
LAURIE A. MIKKELSEN (State Bar No. 260313)
Law Offices of Andrew L. Packard
100 Petaluma Blvd. N., Suite 301
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (707) 763-9227
Andrew@packardlawoffices.com
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GUSTAFSON AUTO WRECKING AND TOWING, INC., a California corporation, DALE GUSTAFSON, an individual, and DAN GUSTAFSON, an individual,<br><br>Defendants. | Case No. 2:10-CV-01408-JAM-EFB<br><br>**STIPULATED CONDITIONAL REQUEST TO SUBSTITUTE COUNSEL AND TO STAY CIVIL PENALTY AND ORDER**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387) |

Defendants Gustafson Auto Wrecking and Towing, Inc., Dale Gustafson and Dan Gustafson ("GAW") hereby conditionally request that the Court allow Michael E. Vinding of the firm of Brady & Vinding ("Vinding") to substitute as counsel of record for Defendants, replacing Jeffory J. Scharff of the Law Offices of Jeffory J. Scharff ("Scharff").[1]  A true and correct copy of the Substitution of Attorney and Proposed Order Approving Substitution ("Substitution") authored and signed by Scharff is attached to the Declaration of Vinding as Exhibit 1.  (Although no

---

[1]  Scharff was previously a partner in the Brady & Vinding firm.  As such, Vinding is readily familiar with the parties, the underlying facts and dispute, and the issues associated with the final resolution of this case.

signature line was provided for Vinding, as noted in the Vinding Declaration, Vinding conditionally joins in the substitution request.)

Plaintiff California Sportfishing Protection Alliance (hereinafter "CSPA" or "Plaintiff") hereby stipulates and joins in the request.

Vinding's request as proposed new counsel is conditioned on the following:

The Parties jointly request that the Court stay enforcement of the civil penalty of $37,500 awarded by the Court on May 31, 2013 until January 1, 2014.[2] If Defendants do not fully comply with the terms stated below the Court shall reinstate the award. If Defendants comply with the terms stated below, the Parties request that the Court vacate the civil penalty entirely, following notice by Plaintiff's counsel.

The terms are as follows:

1. The primary consideration offered by Defendants is to cease all operations and remove all cars[3] and car parts, to Plaintiff's good faith satisfaction in order to avoid any future violations of Federal Water Pollution Control Act (3 U.S.C. §§ 1251-1387), on the uncovered portions of the approximately nine-acre vehicle dismantling facility located at 19748 Collyer Drive, in Redding, California (the "Facility") not later than December 31, 2013 and thereafter list the Facility property for sale.

---

[2]   The only remaining money due is the civil penalty. As noted in the Vinding Declaration, Vinding was contacted by Erik Gustafson, the son of Defendant Dale Gustafson, approximately two weeks ago and asked to substitute into this case. Vinding advised Erik Gustafson and Plaintiff's counsel that he (Vinding) would only substitute in as counsel if he could assist in resolving the case in its entirety. At Vinding's suggestion:

   a. Defendants have made all payments required under the Consent Agreement (Docket No. 50) including the $40,000 owed to Plaintiff's counsel as well as the $20,000 mitigation payment to the Rose Foundation.
   b. Defendants paid the costs and fees sanctions awarded in the amount of $8,589.35 pursuant to this Court's Order of May 31, 2013 (Docket No. 58).
   c. The only money remaining due is the civil penalty of $37,500 (Docket No. 58). If the Court is not inclined to stay the civil penalty and, if/when all terms are satisfied, vacate the award, there is no reason for Vinding to substitute in this case if he cannot be of assistance in resolving this matter.
   d. All BMPs under the Consent Agreement have been installed.

[3]   Under paragraph 3(b), GAW, Inc. was allowed to designate a portion of the Facility to store vehicles privately owned by the individual defendants or other family members. Arguably, all remaining vehicles could be transferred from GAW, Inc., to the individuals and thereby allow the vehicles to remain on site. Under the proposed modification, no vehicles will be on site after December 31, 2013.

2.      Defendants shall publicly declare their intent to terminate regulation of the Facility under the General Permit by filing a Notice of Termination ("NOT") with the Regional Board at its office in Redding, California, no later than December 1, 2013.

Plaintiff and Defendants anticipate that this request will be unopposed by Scharff as he has signed a substitution of attorney form. (A true and correct copy is attached as Exhibit 1 to the Declaration of Vinding.)

The Parties represent to the Court that substantial progress has been made in the removal of cars and parts from the Facility, particularly in the last two weeks. For comparison purposes, a photograph of the Facility at the time of the Consent Agreement (May, 2011) is attached as Exhibit 2 to the Declaration of Vinding. A photograph of the Facility taken last week is attached as Exhibit 3 to the Declaration of Vinding. Exhibits 2 and 3 demonstrate that the number of vehicles has been reduced from approximately 1,000 to approximately 60.

This Stipulation is conditioned on the fact that Vinding, as proposed new counsel, has no desire or intention by this substitution to take on any liability associated with the final sentence of the Court's May 31, 2013 order ["Defendant's failure to make this payment within 30 days of this Order will result in further sanctions to Defendant's counsel."].

Dated: September 10, 2013        LAW OFFICES OF ANDREW L. PACKARD

By:   /s/Andrew L. Packard
Andrew L. Packard
(As authorized on 9/10/13–L.R. 131(e))
Attorneys for Plaintiff California Sportfishing Protection Alliance

Dated: September 10, 2013        BRADY & VINDING

By:   /s/Michael E. Vinding
Michael E. Vinding
[Proposed] Attorneys for Defendants
Gustafson Auto Wrecking and Towing, Inc.,
Dan Gustafson and Dale Gustafson

///

///

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:**

The Court hereby stays enforcement of the civil penalty of $37,500 awarded by the Court on May 31, 2013 (Docket No. 58) until January 1, 2014. If Defendants do not fully and timely comply with the terms below, the Court shall reinstate the award upon receipt of notice of non-compliance with those terms from Plaintiff's counsel. If Defendants comply with the terms set forth below, the Court will vacate the civil penalty.

The terms are as follows:

1. Defendants shall cease all operations and remove all vehicles and vehicle parts to Plaintiff's good faith satisfaction in order to avoid any future violations of the Federal Water Pollution Control Act (3 U.S.C. §§ 1251-1387), on the uncovered portions of the approximately nine-acre vehicle dismantling facility located at 19748 Collyer Drive, in Redding, California (the "Facility") not later than December 31, 2013 and thereafter list the Facility property for sale.

2. Defendants shall publicly declare their intent to permanently terminate operations at the Facility and regulation of the Facility under the General Permit by filing a Notice of Termination ("NOT") with the Regional Board at its office in Redding, California, no later than December 1, 2013.

**IT IS SO ORDERED.**

Dated: September 10, 2013              /s/ John A. Mendez
                                       HON. JOHN A. MENDEZ
                                       U.S. DISTRICT COURT JUDGE